**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **NATHAN D. CLIFFORD, as parent and** ) | |
| **natural guardian of SETH CLIFFORD,** ) | |
| **SAVANNA CLIFFORD, and CATIE** ) | |
| **CLIFFORD, minors,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 06-1111-MLB** |
| ) | |
| **PREMIER HOUSING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**REPORT AND RECOMMENDATION
&
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (Doc. 9)**

This matter is before the court on defendant's motion to dismiss (Doc. 5) and

plaintiff's motion to amend his complaint (Doc. 9).  The motion to dismiss has been referred

to this court for a report and recommendation, including proposed findings of fact where

appropriate,  pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b).  For the reasons set

forth below, plaintiff's motion to amend shall be GRANTED and the court recommends that

the defendant's motion be DENIED.

Background

Plaintiff, an Oklahoma resident, alleges that he is the conservator of certain monies

owned by his minor children.  In October 2005 he secured an order from the District Court

of Texas County, Oklahoma allowing for the withdrawal of $30,000 from the children's

funds to purchase housing for the family.  In an effort to secure suitable housing, plaintiff

entered into a contract with defendant for the purchase of a mobile home.  The price of the

home was $165,860.57 and plaintiff gave defendant a down-payment of $20,500.

Plaintiff alleges that, through no fault of his own, he has been unable to complete the

transaction and seeks a refund of the $20,500 down-payment.  Plaintiff also seeks a

declaratory order concerning "the rights and legal relations of the parties to this transaction."

Specifically, the purchase contract contains an arbitration clause and plaintiff seeks an order

that his minor children are "the real parties in interest to this transaction and that as minors

they are not subject to any arbitration agreement regarding [the] purchase of the $165,860.57

mobile home."  Defendant moves to dismiss for (1) lack of subject matter jurisdiction and

(2) failure to state a claim upon which relief can be granted.  Plaintiff counters by moving

to amend the complaint.  The parties' arguments are discussed in greater detail below.

## Motion to Amend

Plaintiff moves to amend his complaint to (1) clarify that the basis of subject matter

jurisdiction is diversity under 28 U.S.C. § 1332(a)(1) and (2) add a claim for a declaratory

order that he is not personally liable to defendant for the purchase of the mobile home.[1]

---

[1]

Plaintiff alleged in the original complaint that diversity jurisdiction existed under
11 U.S.C. § 1323, a bankruptcy statute.

Although defendant "objects" to the amended complaint, the motion shall be summarily granted because Fed. R. Civ. P. 15(a) grants plaintiff the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Defendant has filed no answer in this case and, under well-established Tenth Circuit precedent, "a motion to dismiss is not deemed a responsive pleading." Glenn v. First National Bank of Grand Junction, 868 F. 2d 368, 370 (10th Cir. 1989). Consequently, plaintiff can amend his complaint as a *matter of right.* Id.[2] Accordingly, plaintiff's motion to amend shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 9)** is **GRANTED.** Plaintiff shall file and serve the amended complaint by **September 5, 2006.**

## Motion to Dismiss

Defendant argues that plaintiff's claims must be dismissed for lack of subject matter jurisdiction because the amount in controversy does not "exceed the sum or value of $75,000" as required by 28 U.S.C. § 1332(a). Clearly, plaintiff's request for the return of the $20,500 down-payment is less than the jurisdictional threshold; therefore, subject matter jurisdiction exists only if the value of the declaratory judgment portion of this case exceeds $75,000.

---

[2]

Plaintiff must amend the complaint before the trial court rules on the motion to dismiss. Glenn, 868 F.2d at 370. In this instance, plaintiff sought to amend his complaint before the parties had completed the briefing of defendant's motion.

The standard for determining the value of a declaratory action is well established in this circuit:

> In a declaratory judgment action, the amount in controversy is measured by the *value of the object of the litigation*. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed. 2d 383 (1977). Dismissal is appropriate only if it appears to a "legal certainty' that the jurisdictional amount is not met. See Id. at 346-48, 97 S.Ct. at 2443-44. To determine the amount in controversy, we look to the *pecuniary effect an adverse declaration will have on either party* to the lawsuit. Oklahoma Retail Grocers Association v. Wal-Mart Stores, Inc., 605 F.2d 1155 (10th Cir. 1979); Ronzio v. Denver Rio Grande Western Railroad Co., 116 F.2d 604, 606 (10th Cir. 1940).

City of Moore, Okla. v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983)(emphasis added).

After applying the above standard, it appears that dismissal is not appropriate because the court is unable to conclude as a "legal certainty" that the jurisdictional amount has not been met. Specifically, plaintiff alleges in his amended complaint that he entered into the $165,840 contract in his capacity as conservator for his minor children but that defendant has since advised the plaintiff that he is personally responsible for the purchase of the mobile home. The pecuniary effect of an *adverse* declaration would be that plaintiff is personally responsible for a contract to purchase a $165,840 home, an amount well in excess of the $75,000 jurisdictional requirement.

Defendant argues that "[a]t no time has Premier Housing, Inc. stated that plaintiff will be required to complete the purchase of the home." The problem with this argument is that defendant is asserting a factual argument that is directly contrary to an allegation in

plaintiff's amended complaint.  Unfortunately, the court cannot resolve this factual dispute

as a "legal certainty" in defendant's favor at this stage of the proceedings.  Defendant also

argues that *as of the filing of its reply brief*, the mobile home is under contract with a new

buyer and it "does not intend to file a lawsuit against plaintiffs seeking recovery of the full

contract price."  (Doc. 11, p. 2).  However, the amount in controversy requirement is

determined at the time the complaint is filed.  Watson v. Blankinship, 20 F.3d 383, 387 (10th

Cir. 1994).  Developments after the filing of the lawsuit which may reduce the amount in

controversy do not necessarily destroy jurisdiction.  Id.  Once again, based on the limited

record, the court is unable to conclude as a legal certainty that plaintiff's liability was less

than \$75,000 *when the case was filed.*  Equally important, nothing in the record precludes

defendant from changing its "intentions" should the pending contract fall through.  Although

defendant's arguments have a certain practical appeal, its arguments are short of the required

showing for dismissal based on the "amount in controversy."

Defendant contends that the Rooker-Feldman doctrine and collateral estoppel also bar

this court from exercising subject matter jurisdiction because "the claims of the minor

children have already been resolved in a prior state court proceeding and may not be the

subject of a new federal court proceeding."  (Doc. 5, pp. 3-4).  In support of its arguments

defendant attaches (1) a docket sheet from a personal injury case filed in the District Court

of Texas County, Oklahoma and (2) a motion and order allowing Nathan Clifford permission

to withdraw certain funds from his children's trust fund to purchase a home.  However, there

is no mention of defendant in the state court docket sheet, motion, or order and it is unclear

how the children's claims against Premier Housing have been resolved by the Oklahoma court. Accordingly, the court rejects plaintiff's arguments for dismissal based on the <u>Rooker-Feldman</u> doctrine and collateral estoppel.[3]

Defendant also argues that a "conservatorship is in essence a probate type proceeding over which the state court has exclusive jurisdiction;" therefore, a federal court has no jurisdiction over this "probate" case. (Doc. 5, p. 4). Unfortunately for defendant, the Supreme Court recently clarified the "probate exception" to federal jurisdiction and limited the "exception" to the following circumstances:

> [t]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

<u>Marshall v. Marshall</u>, __ U.S.__, 126 S.Ct. 1735, 1748 (2006). As noted, the case before the court concerns a contract for the purchase of a home and the return of a down-payment. Because this lawsuit does not involve (1) the probate or annulment of a will, (2) the administration of a decedent's estate or (3) the disposition of property *in the custody of a state probate court*, the "probate exception" does not preclude the exercise of jurisdiction by this court.

---

[3]

To be clear, the court's rejection of defendant's argument should not be construed as a determination that rulings by the Oklahoma court are irrelevant to this case. Plaintiff's <u>Rooker-Feldman</u> and collateral estoppel arguments are simply not presented in a manner which permits the court to reach a legal conclusion in defendant's favor.

In addition to jurisdictional arguments, defendant argues that plaintiff fails to state a claim upon which relief may be granted.  Although the court agrees that plaintiff's complaint is not a model of clarity, defendant's arguments for dismissal are similarly lacking in clarity.[4] Given the summary manner in which the parties have briefed the issues, the court will deny defendant's motion to dismiss for "failure to state a claim" without prejudice and require the parties to submit a pretrial order setting forth the parties' contentions, claims and defenses in detail.

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss **(Doc. 5)** be **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall confer and submit a proposed pretrial order setting forth *in detail* their contentions, claims and defenses **20 days** after Judge

---

[4]

For example, defendant cites K.S.A. 60-217(a) for authority that a parent, guardian and conservator of minor children is "the real party in interest."  However, it is not clear how a Kansas procedural statute applies to this federal case and an Oklahoma conservatorship.

Defendant also argues factual issues which are beyond the allegations in the pleadings and, contrary to defendant's representations, the purchase contract is not attached to the complaint filed by plaintiff.  Moreover, the court will not address factual and legal arguments raised for the first time in defendant's reply brief (improper venue based on a forum selection clause).

Belot files a ruling concerning this Report and Recommendation.[5]


Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within ten (10) days after being served with a copy of this recommendation and report. Failure to make a timely objection to this report and recommendation waives appellate review of both factual and legal issues.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of August 2006.


S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5]

Upon receipt and review of the proposed pretrial order, the court will determine the necessity for further scheduling and conferences.